

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00118-CV

IN RE STAR 3 TRANSPORTATION, INC., STAR 3 BROKERAGE, LLC
AND RONALD BROWN

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Brittney Medice, individually and as next friend of N.S., a minor child, sued Star 3 Transportation, Inc.; Star 3 Brokerage, LLC; Ronald Brown (Relators); and others in a Texas court for negligence and gross negligence arising out of a motor vehicle collision that occurred in Houma, Louisiana. By their petition for a writ of mandamus, Relators ask this Court to order the Honorable Brad Morin, judge of the 71st Judicial District Court in Harrison County, Texas, to vacate his order denying dismissal of the case against them on forum non conveniens grounds and to dismiss the case with prejudice. Because Relators failed to comply with the Texas Rules of Appellate Procedure, we deny their petition.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(B) of the Texas Rules of Appellate Procedure states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Here, the mandamus record is not accompanied by an affidavit and, though the appendix filed with the petition does have an affidavit attached, the only document the affidavit verifies is the order denying Relators' motion to dismiss forum non conveniens. While some of the documents in the mandamus record have been certified by the district court clerk and court reporter, other critical documents have not been certified or sworn. For example, there is no certified or sworn copy of Relators' motion to

dismiss or Medice's response to Relators' motion to dismiss. As a result, documents material to Relators' petition for a writ of mandamus are neither certified nor sworn.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re McGinn*, No. 06-25-00064-CV, 2025 WL 2089316, at *1 (Tex. App.—Texarkana July 24, 2025, orig. proceeding) (mem. op) (alteration in original) (quoting *In re Landstar Ranger, Inc.*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.— Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.)). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *Id.* (quoting *In re Landstar Ranger*, 2021 WL 3411534, at *1 (citing TEX. R. APP. P. 52.3(k)(1), 52.7(a)(1))). Here, Relators have failed to provide us with a sufficient record because several of the documents included in the mandamus record do not comply with Rules 52.3(k)(1)(B) or 52.7(a)(1).

As a result, we deny the petition for a writ of mandamus.


Jeff Rambin
Justice



Date Submitted:     January 20, 2026
Date Decided:       January 21, 2026



3